### Flowers v. Smith

Before Cicchetti, *P.J.*, Adams, Franks, Capuzzi, *JJ.*

*David E. Cohen*, for plaintiff.
*William E. Radcliffe*, for defendant.
*Joseph M. George*, for additional defendant.

ADAMS, *J.*, November 27, 1979—This matter is before the court en banc on defendants' motion for partial summary judgment pursuant to Pa.R.C.P. 1035(c). Original defendant, Paul Smith, and additional defendant, Aleck Molnar, administrator of the Estate of Delbert Rankin, deceased, who joins in this motion, assert that plaintiff, Lola Flowers, is barred from recovering out-of-pocket medical expenses and loss of earnings in a trespass action since these items of damages are recoverable pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq. (hereinafter Pennsylvania No-fault Act). For the reasons set forth below the court finds the Pennsylvania No-fault Act does not bar Flowers' suit in tort. The motion of defendants for partial summary judgment is dismissed.

The parties have stipulated to the pertinent facts, which are as follows: This is a personal injury action for damages suffered by Lola Flowers as a result of an automobile accident occurring December 30, 1975, in Fayette County, Pennsylvania. On that date, Flowers was a passenger in her own car which was being driven by Delbert Rankin. Both Rankin and Flowers were domiciliaries of Elyria, Ohio.

The accident which is the subject matter of this action involved a collision with a vehicle driven by Paul Smith, a Fayette County, Pennsylvania, resident. Flowers named Smith as defendant. Smith joined as additional defendant the estate of Delbert Rankin.

The Smith vehicle was insured as a "secured vehicle" in compliance with the Pennsylvania No-fault Act. Neither Rankin, the driver, nor the Flowers' vehicle was insured in compliance with the Pennsylvania No-fault Act. Ohio does not have a no-fault system for automobile accident victims.

Since the parties to this action are a resident and two nonresidents the court is presented with a conflict of laws question. In Pennsylvania the general principle in choice of law situations is that the state's law which has the greatest contacts or the greatest interest in the case would be applicable: Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A. 2d 796 (1964). It is axiomatic, however, that when a motor vehicle accident occurs in Pennsylvania involving a Pennsylvania resident, Pennsylvania law governs despite the out of state residency of one of the parties: 4A P.L.E. 16, §342 (citing cases). In the case at bar the Pennsylvania No-fault Act supplies the governing law.

It is undisputed that the items of damages Flowers now seeks, loss of earnings and out-of-pocket medical expenses, may be recovered pursuant to section 1009.202 of the Pennsylvania No-fault Act as basic loss benefits. The issue before the court is whether the Pennsylvania No-fault Act allows a non-resident victim to sue in tort for damages which may be recovered as basic loss benefits where the victim's state of domicile would permit

the victim to sue in tort for said items of damages. This court finds that the Pennsylvania No-fault Act does permit such a suit in tort.

Section 1009.110 governs motor vehicles in interstate travel, stating in relevant part:

"(c) Applicable law.—

"(1) The basic loss benefits available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs. If there is no such state no-fault plan in effect or if the victim is not domiciled in any state, then basic loss benefits available to any victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance, if any, in effect in the state in which the accident resulting in injury occurs.

"(2) The right of a victim or of a survivor of a deceased victim to sue in tort shall be determined by the law of the state of domicile of such victim. If a victim is not domiciled in a state, such right to sue shall be determined by the law of the state in which the accident resulting in injury or damage to property occurs."

Section 1009.110(c) must be read in the light of the policy reasons supporting adoption of the no-fault system in Pennsylvania.

When the General Assembly enacted the Pennsylvania no-fault law its purpose as stated in section 1009.102(b) was "to establish at reasonable cost to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for

motor vehicle accident victims and the survivors of deceased victims." The intent of the Pennsylvania no-fault law is to provide at least minimum reparations, "basic loss benefits," to all victims of automobile accidents on the state's highways without regard to fault. The act does not attempt to impose the Pennsylvania no-fault system upon nonresidents of the Commonwealth nor has the act eliminated proof of negligence in all automobile accident cases.

Ohio, plaintiff's domicile, does not have a no-fault system. Section 1009.110(c)(1) permits Flowers to recover the basic loss benefits available to all victims of automobile accidents in Pennsylvania, the state of injury. Instead, plaintiff has elected to sue in tort for damages she could have recovered without proof of fault as basic loss benefits. Since Ohio residents have the right to sue in tort, section 1009.110(c)(2) permits Flowers to make such an election: "The right of a victim or a survivor of a deceased victim to sue in tort shall be determined by the law of the state of domicile of such victim."

It has been argued that to construe section 1009.110 to allow nonresidents to sue in tort conflicts with other provisions of the Pennsylvania No-fault Act, viz.: sections 1009.201 and 1009.301. This argument is without merit. Section 1009.110 is reconciliable with the other provisions of the statute and the overall approach of the no-fault law.

A victim's right to basic loss benefits is authorized by section 201(a): "Accident within this state.—If the accident resulting in injury occurs in this Commonwealth, any victim or any survivor of a deceased victim *is entitled* to receive basic loss benefits in accordance with the provisions of this act." (Emphasis added.)

Analogous with section 1009.110(c), a victim is entitled to receive basic loss benefits; however, there is no requirement that a victim accept same. The right to sue in tort is determined by the law of the victim's domicile. This is equally true for a Pennsylvania domiciliary as it is for the nonresident.

For Pennsylvanians the right to sue in tort has been limited. Tort liability has been partially abolished by section 1009.301 of the Pennsylvania No-fault Act. Nonetheless, a negligence system of liability for automobile accidents still remains in the Commonwealth. If the Pennsylvania resident meets certain threshold requirements or if his case is within the ambit of the enumerated exceptions to section 1009.301's general rule, a suit in tort may be maintained.

It has also been asserted that section 1009.301's partial abolition of tort liability must apply with equal force to vehicles in interstate travel as well as vehicles in intrastate travel. In pertinent part section 1009.301 states: "(a) Partial abolition.—Tort liability is abolished with respect to any injury that takes place in this State *in accordance with the provisions of this act* if such injury arises out of the maintenance or use of a motor vehicle." The italicized portion of the section clearly states that section 1009.301 is subordinate to other provisions of the Pennsylvania No-fault Act. Section 1009.110 specifically treats the case of "motor vehicles in interstate travel" and takes precedence over section 1009.301.*

---

*Also, under section 1933 of the Statutory Construction Act, 1 Pa.C.S.A. §1933, specific provisions control over general provisions and here section 1009.110 handles the specific situation of "motor vehicles in interstate travel."

The plain language of section 1009.109(c) allows the law of the victim's domicile to determine her right to sue in tort. Ohio permits a suit in tort for out-of-pocket medical expenses and loss of earnings, so plaintiff, Flowers, may maintain her action. Our decision today does not provide a windfall for nonresident plaintiffs. Double recovery for the same items has not been authorized. Flowers, as nonresident, is being allowed to forego her assured basic loss benefits which are payable regardless of fault to sue in tort. Flowers must now prove negligence on the part of defendant and her measure of damages while being subject to any reduction of damages for her own contributory negligence. This could result in a smaller award than she would have received from the basic loss benefits. That is a choice she may make.

Accordingly, the court enters the following

## ORDER

And now, November 27, 1979, defendants' motion for partial summary judgment pursuant to Pa.R.C.P. 1035(c) is dismissed.